Marc J. Randazza (CA SBN 269535)
Alex Shepard (CA SBN 29058)
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, NV 89117
Telephone: 702-420-2001
Fax: 305-437-7662
ecf@randazza.com

*Attorney for Plaintiff*
*Free Speech Systems LLC*

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| **FREE SPEECH SYSTEMS, LLC**, a Texas limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>**PETER MENZEL**, an individual,<br><br>Defendant. | Case №.: _____<br><br>**28 U.S.C. § 2201 COMPLAINT FOR DECLARATORY RELIEF** |

Plaintiff Free Speech Systems, LLC ("FSS") hereby complains against Defendant Peter Menzel as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff FSS is a Texas limited liability company with its principal place of business in Austin, Texas.

2. Upon information and belief, Defendant Peter Menzel is an individual residing and working in Napa, California.

3. This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338, as this case arises under the U.S. Copyright Act.

4.  This Court has personal jurisdiction over Defendant Menzel because he is a resident of this judicial district and regularly conducts business within this judicial district.

5.  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) & (c).

## ALLEGATIONS COMMON TO ALL CLAIMS

6.  Plaintiff FSS is the owner and operator of Infowars, a news and opinion website located on the World Wide Web at <infowars.com> ("Infowars").

7.  On or about April 30, 2012, a news article entitled *Amazing Photos Show What the World Really Eats* (the "Article") appeared on the Infowars website. (*See* Anthony Gucciardi, *Amazing Photos Show What the World Really Eats*, INFOWARS.COM (April 30, 2012), available at <infowars.com/amazing-photos-show-what-the-world-really-eats>, attached hereto as **Exhibit 1**.)

8.  The Article contained descriptions, insights, and commentary regarding the average family's weekly diet in the United States, Mexico, Canada, Italy, China, Chad, Japan, Germany, and Great Britain. Each country's mention was associated with a photograph of a family from that country and a week's worth of food.

9.  The Article covered and promoted a book entitled *Hungry Planet: What the World Really Eats*, indicated that the images were from that book, and provided a hyperlink where Infowars users could purchase the book from Amazon.

10.  While the images referenced in the Article appeared to have been displayed on the Infowars website, they were not stored on servers owned or controlled by Plaintiff FSS. Rather, the Infowars website provided links that directed its users' browsers to a third party's computer where the images had already been uploaded and stored, a process known as in-line hyperlinking. Accordingly, FSS

Complaint

never transmitted, copied, distributed, displayed, or stored any of the images associated with the Article.

11. From April 30, 2012 until December 26, 2018, the Article remained on the Infowars site without incident or controversy. However, on or about December 26, 2018, Plaintiff FSS received a demand letter from counsel for Defendant Peter Menzel. (*See* Demand Letter dated December 26, 2018, attached hereto as **Exhibit 2**.)

12. The demand letter alleged that Mr. Menzel was the photographer for each of the seven photographs in the Article and stated that FSS's "publication of Mr. Menzel's content without his permission is a violation of the [United States] Copyright Act." (*See id.*)

13. On January 10, 2019, counsel for FSS responded, demonstrating that the allegations of Mr. Menzel's demand letter were meritless. (*See* Response Letter dated January 10, 2019, attached hereto as **Exhibit 3**.)

14. Specifically, FSS's response stated that the three-year statute of limitations on copyright claims barred any claims that Mr. Menzel might have had; that FSS's use of the photographs was a fair use; and that FSS's use of the photographs did not affect the market value of the photographs. (*See id.*)

15. FSS's response additionally indicated that the Article attributed the photographs to the *Hungry Planet* book in which they appeared and included a hyperlink to purchase the book at Amazon. (*See id.*)

16. The response finally demonstrated that myriad other news outlets had also covered the *Hungry Planet* book, including Time Magazine, NPR, the Daily Mail, ActivistPost, FStoppers, TruthTheory, Wake-UpWorld, and LipstickAlley. (*See id.*) In fact, Time Magazine's coverage of the book included twenty-seven photographs from the book.

17. On January 16, 2019, Mr. Menzel's counsel responded to FSS's January 10, 2019 letter, stating that Mr. Menzel "disagree[d] with [FSS's] analysis" and would "proceed to litigation." (*See* Email Correspondence, attached hereto as **Exhibit 4**.)

18. After the parties' lawyers exchanged additional emails, Mr. Menzel's counsel sent a second demand letter on January 22, 2019. (*See* Demand Letter dated January 22, 2019, attached hereto as **Exhibit 5**.) That letter again explicitly accused FSS of copyright infringement, informed FSS that Mr. Menzel was going to file suit against it and demanded that FSS pay $175,000 to Mr. Menzel for the alleged breach.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### (Declaratory Relief – 28 U.S.C. § 2201)

19. Plaintiff FSS incorporates each of the preceding paragraphs as if set forth fully herein.

20. Defendant Menzel has accused Plaintiff FSS of copyright infringement for publishing the photographs accompanying the Article and has expressly informed Plaintiff FSS that he was going to file a lawsuit against it.

21. Therefore, a case of actual controversy exists between Plaintiff FSS and Defendant Menzel regarding whether FSS's actions infringed upon the intellectual property rights of Mr. Menzel.

22. Plaintiff FSS reasonably believes that its use of Mr. Menzel's photographs was and is lawful under the U.S. Copyright Act.

23. In the absence of a declaration from the Court, Mr. Menzel will file affirmative claims against FSS for copyright infringement.

24. Plaintiff FSS seeks a declaration of its rights from this Court that it has not directly, contributorily, or vicariously infringed upon Defendant Menzel's copyrights for myriad reasons, including but not limited to:

    a. FSS's servers did not host the photographs. Rather, the servers of a third party had already been hosting them, and FSS merely directed users' browsers to them via in-line hyperlinking;

    b. FSS engaged in a fair use of Mr. Menzel's photographs; and

    c. The three-year statute of limitations for asserting a claim for copyright infringement had passed well before Mr. Menzel sent his demand letter to FSS.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff FSS requests judgment against Defendant Peter Menzel as follows:

A. A declaration from this Court, pursuant to 28 U.S.C. § 2201, that Plaintiff's use of Defendant's photographs was and is lawful and proper and does not infringe upon any right Defendant Menzel may claim in the photographs;

B. A declaration from the Court that the three-year statute of limitations for filing copyright actions has expired in the instant matter;

C. An award of FSS's reasonable costs and expenses, including its reasonable attorneys' fees pursuant to 17 U.S.C. § 505; and

D. For such other and further relief as the Court deems just and proper.

Dated: February 8, 2019

Respectfully submitted,

/s/ Alex J. Shepard
Marc J. Randazza (CA SBN 269535)
Alex J. Shepard (CA SBN 295058)

RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, NV 89117
Telephone: 702-420-2001
Fax: 305-437-7662
ecf@randazza.com

*Attorney for Plaintiff*
*Free Speech Systems LLC*