1 | Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
2 | Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
3 | Trevor W. Barrett (SBN 287174)
4 | tbarrett@donigerlawfirm.com
Justin M. Gomes (SBN 301793)
5 | jgomes@donigerlawfirm.com
6 | DONIGER / BURROUGHS
603 Rose Avenue
7 | Venice, California 90291
8 | Telephone: (310) 590-1820
Attorneys for Plaintiff
9

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| FREE SPEECH SYSTEMS, LLC, | Case No. 3:19-cv-00711-WHO |
|---|---|
| Plaintiff, | <u>Honorable William H. Orrick Presiding</u> |
| v. | **PETER MENZEL'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES** |
| PETER MENZEL, | |
| Defendant. | Date: June 12, 2019<br>Time: 2:00 p.m. |

- 1 -

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES

## I. **INTRODUCTION**

The motion must be denied. Plaintiff-Counterdefendant Free Speech Systems, LLC, doing business as "InfoWars.com" ("InfoWars") violated multiple statutes when it posted and displayed verbatim copies online of numerous original photographs created by Defendant-Counterclaimant, Peter Menzel.

Mr. Menzel is a photojournalist who traverses the globe seeking stories of international interest, focusing often on cultural nuance through intimate personal depictions of people from all walks of life. He expends considerable time, effort, and resources to create original, unique, and inspiring photographs. Mr. Menzel's award-winning photographs have been published in National Geographic, Smithsonian, and Time, among many other influential publications. In addition, Mr. Menzel has produced six full-length books showcasing his photographs.

One of Mr. Menzel's most acclaimed works explores the typical weekly food purchases of 30 families from 24 countries around the world. Mr. Menzel traveled the globe creating stunning original photographs, which he then published in a book entitled, "Hungry Planet: What the World Eats." This book was extremely well-received, and garnered the James Beard Award for Best Book of the Year in 2006. As with each of his major publications, this book required an enormous personal and financial investment from Mr. Menzel. The planning, development, and execution of the project was a years-long process, but the results were extraordinary.

Despite having never obtained or even sought authorization from Mr. Menzel to use any of his works on its website, InfoWars posted an article displaying nine (9) of Mr. Menzel's photographs ("Subject Photographs"). Mr. Menzel contacted InfoWars about its infringement, and InfoWars pre-emptively filed the instant action seeking absolution for its plainly unlawful and inequitable behavior. InfoWars now seeks to limit Mr. Menzel's affirmative defenses. InfoWars' motion to strike should be denied.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES

## II. ARGUMENT

### A. Legal standard

A court may strike an affirmative defense under Fed. R. Civ. P. 12(f), but "such motions are generally disfavored because the motions may be used as delaying tactics and because of the strong public policy favoring resolution on the merits." *Hartford Underwriters Ins. Co. v. Kraus USA, Inc.*, 313 F.R.D. 572, 575 (N.D. Cal. 2016). Affirmative defenses should only be stricken under 12(f) to avoid spending time and money litigating irrelevant issues. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir.1993), *reversed on other grounds*, 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994). "With a motion to strike, just as with a motion to dismiss, the court should view the pleading in the light most favorable to the nonmoving party." *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F.Supp.2d 1048, 1057 (N.D.Cal.2004). If a court strikes an affirmative defense, it should freely give leave to amend provided that such leave would not prejudice the moving party. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 826 (9th Cir.1979).

### B. Each of Mr. Menzel's affirmative defenses is applicable and sufficiently pled.

Mr. Menzel raised a series of affirmative defenses to the declaratory relief claims that InfoWars filed in this action. Each of the defenses discussed below is applicable to this matter and sufficiently pled.

#### 1. Defense: Acted in Good Faith

Mr. Menzel has a good faith basis for his copyright infringement claims, so his communication of those claims to InfoWars was justified. Mr. Menzel owns nine copyrighted photographs that were displayed on InfoWars' website without his knowledge or permission. That InfoWars responded to Mr. Menzel's preliminary communications concerning that infringement with baseless legal argument and a declaratory relief action did not taint Mr. Menzel's properly motivated behavior.

Such motivations would still serve as a mitigating factor in an attorney fee determination even if InfoWars were to obtain declaratory relief as to Mr. Menzel's copyright infringement claims. Mr. Menzel's motivation in communicating his claims to InfoWars is still relevant even if this defense is stricken, so eliminating it will save neither time nor litigation costs.

### 2. Defense: Unclean Hands

InfoWars, a sophisticated media company, claims to have reposted an article which included nine of Mr. Menzel's copyrighted photographs. InfoWars did so without authorization from Mr. Menzel. This behavior amounts to unclean hands and could serve as a mitigating factor at least as to an attorney fee determination if InfoWars obtains declaratory relief. InfoWars' culpability – in addition to its possible liability – is relevant to an attorney fee determination in this action even if this defense is stricken.

### 3. Defense: Failure to Mitigate

InfoWars posted an article which included nine of Mr. Menzel's copyrighted photographs. InfoWars did so without obtaining or even seeking authorization from Mr. Menzel. Once Mr. Menzel notified InfoWars of its alleged infringement, InfoWars could have continued to communicate with Mr. Menzel about a potential resolution of his claims against it, but it instead filed the instant action. InfoWars failure to seek and obtain authorization to display the Subject Photographs, reposting of the infringing article, and election to file the instant action caused whatever economic losses it stands to suffer here. As such it failed to mitigate its losses by failing to seek and obtain authorization to use the Subject Photographs, and by filing the instant action when more pertinent and cost-effective alternatives were available to it. InfoWars characterizes this defense as effectively subsumed within Mr. Menzel's "Attorneys' Fee Improper" defense, so eliminating this defense will not save either party any time or money in this action.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES

### 4. Defense: Contributory/Comparative Negligence and Assumption of Risk

InfoWars seeks to recover its costs and fees in this action, but those costs and fees will only be incurred because InfoWars negligently displayed copyrighted images on its website without obtaining or even seeking authorization from the rightsholder and elected to file the instant action. Even if InfoWars obtains declaratory relief, its negligence may be a factor in an attorney fee determination.

### 5. Defense: Acts of Third Parties

InfoWars claims that it merely reposted the infringing article that was originally published on a third-party website. As such, to the extent that InfoWars has suffered any harm, or incurs any fees or costs, that harm and monetary loss is at least in part attributable to the acts of whomever published the original infringing article – not to Mr. Menzel. Accordingly, this defense is applicable.

### 6. Defense: Acts and Omissions

InfoWars posted an article which included nine of Mr. Menzel's copyrighted photographs. InfoWars did so without obtaining or even seeking authorization from Mr. Menzel. These are acts and omissions that InfoWars either took or failed to take which directly lead to this litigation, and these acts and omissions could serve as mitigating factors at least as to an attorney fee determination if InfoWars obtains declaratory relief. InfoWars characterizes this defense as effectively subsumed within Mr. Menzel's "Failure to State a Claim" defense, so eliminating this defense will not save either party any time or money in this action.

### 7. Defense: Consent

InfoWars posted an article which included nine of Mr. Menzel's copyrighted photographs. InfoWars did so without obtaining or even seeking authorization from Mr. Menzel. By displaying multiple copyrighted works on its website without seeking authorization to do so, InfoWars effectively consented to the assertion of

copyright infringement claims by the lawful rightsholder to those works. InfoWars characterizes this defense as effectively subsumed within Mr. Menzel's "Failure to State a Claim" defense, so eliminating this defense will not save either party any time or money in this action.

### 8. Defense: No Wrongful Act

It was not unlawful, unfair, or inequitable for Mr. Menzel to communicate his copyright infringement allegations to InfoWars. Mr. Menzel owns nine copyrighted photographs that were displayed on InfoWars' website without his knowledge or permission. That InfoWars responded to Mr. Menzel's preliminary communications concerning that infringement with baseless legal argument and a declaratory relief action did not taint Mr. Menzel's lawful, equitable behavior. Mr. Menzel's proper and equitable motivation in raising his copyright infringement allegations with InfoWars could serve as a mitigating factor in an attorney fee determination if InfoWars obtains declaratory relief.

### 9. Defense: Lack of Injury or Damages

InfoWars posted an article which included nine of Mr. Menzel's copyrighted photographs. InfoWars did so without obtaining or even seeking authorization from Mr. Menzel. Once Mr. Menzel notified InfoWars of its alleged infringement, InfoWars could have continued to communicate with Mr. Menzel about a potential resolution of his claims against it, but it instead filed the instant action. To the extent that InfoWars has or will suffer any economic harm in relation to Mr. Menzel's copyright infringement claims, that harm is neither an injury nor damages suffered as a result of Mr. Menzel's infringement allegations, but a cost incurred due to InfoWars' own actions and decisions. InfoWars characterizes this defense as effectively subsumed within Mr. Menzel's "Attorneys' Fee Improper" defense, so eliminating this defense will not save either party any time or money in this action.

### 10. Defense: Unjust Enrichment

InfoWars posted an article which included nine of Mr. Menzel's copyrighted photographs. InfoWars did so without authorization from Mr. Menzel. These facts reasonably cannot be disputed, yet InfoWars seeks a judgment stating that it did not infringe Mr. Menzel's copyrights, and seeks its costs and fees in this action. If InfoWars obtains the declaratory relief it seeks, and is awarded costs and fees in this action, it will be unjustly enriched because even if its unauthorized display of nine copyrighted images without authorization is not deemed copyright infringement for instance because the image files were supposedly hosted by a third-party server, it is still inequitable behavior that should not be rewarded with a reimbursement of fees.

### III. CONCLUSION

Each of Mr. Menzel's affirmative defenses discussed above is applicable and sufficiently pled. While certain of the defenses may be duplicative of others, none of the challenged defenses will cause the parties to spend any time or money litigating irrelevant issues, and striking those defenses will not aid either party or this Court. The motion to strike should be denied.

Respectfully submitted,

Dated:  May 13, 2019       By:     */s/ Justin M. Gomes*
                                   Scott Alan Burroughs, Esq.
                                   Justin M. Gomes, Esq.
                                   DONIGER / BURROUGHS
                                   Attorneys for Defendant-Counterclaimant
                                   PETER MENZEL

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES