Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Justin M. Gomes (SBN 301793)
jgomes@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Defendant and Counterclaimant
PETER MENZEL

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FREE SPEECH SYSTEMS, LLC, a Texas limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>PETER MENZEL, an individual,<br><br>Defendant. | Case No. 19-cv-00711-WHO<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: June 12, 2019<br>Time: 2:00 P.M.<br>Courtroom: 2<br>Judge: Honorable William H. Orrick<br><br>Complaint filed: February 8, 2019 |
| PETER MENZEL, an individual,<br><br>Counterclaimant,<br><br>v.<br><br>FREE SPEECH SYSTEMS, LLC, individually and doing business as "InfoWars.com a Texas limited liability company; and DOES 1-10,<br><br>Counterdefendants. | Trial Date: None Set |

Pursuant to Civil Local Rule 16-9 and the Court's April 8, 2019 Case Management Conference Order (Dkt. No. 19), the parties submit this Joint Case Management Statement.

1. <u>Jurisdiction and Service</u>: This court has federal subject matter jurisdiction over the claims concerning copyright infringement and violation of the Digital Millennium Copyright Act. No issues exist regarding the Court's personal jurisdiction over the parties or venue. All parties have been served.

2. <u>Facts</u>: Plaintiff-Counterdefendant Free Speech Systems, LLC, individually and doing business as "InfoWars.com" (collectively "FSS"), a new media company, posted an article on its website featuring seven (7) photographs which Defendant-Counterclaimant Peter Menzel ("Menzel"), a professional photographer, claims he owns, registered with the United States Copyright Office, and did not authorize FSS to exploit. Menzel further alleges that FSS, or its source for the allegedly infringed photographs, removed certain of Menzel's copyright management information from those photographs and that FSS distributed those photographs knowing that such information had been removed. FSS disputes Menzel's claims, and filed a declaratory relief action seeking a judgment stating that its accused actions did not violate any aspect of the Copyright Act.

3. <u>Legal Issues</u>: This case concerns whether FSS's accused actions constitute copyright infringement under the Copyright Act (17 U.S.C. §101 et seq.) or violation of §1202 of the Digital Millennium Copyright Act ("DMCA"). Legal issues concerning fair use, direct and secondary liability for copyright infringement, the statute of limitations, and damages are all present.

4. <u>Motions</u>: FSS filed a motion to dismiss Menzel's amended counterclaims, and to strike several of Menzel's affirmative defenses. Both motions have been briefed, are currently pending, and are slated for oral argument on June 12, 2019. Provided that this case proceeds beyond the pleadings stage, Menzel anticipates filing a motion for summary adjudication as to copyright infringement and

violation of §1202 of the DMCA. FSS anticipates filing a motion for summary adjudication as to these claims as well.

5. <u>Amendment of Pleadings</u>: If the Court grants any part of FSS's motion to dismiss with leave to amend, Menzel will amend his counterclaims. The parties propose August 9, 2019 as the deadline to amend pleadings.

6. <u>Evidence Preservation:</u> The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action, referencing ESI Guidelines 2.01 and 2.02 and Checklist for ESI Meet and Confer.

7. <u>Disclosures</u>: The parties will exchange Fed. R. Civ. P. 26 initial disclosures on or before June 10, 2019.

8. <u>Discovery</u>: The parties anticipate using all discovery allowed under the Federal Rules, including depositions, requests for documents, interrogatories and requests for admissions, and entering into an appropriate stipulated protective order. The parties further anticipate an initial round of written discovery comprised of Interrogatories, Requests for Production of documents, and Requests for Admission to be propounded by the end of August 2019. Follow-up written discovery and conferring over and otherwise resolving any discovery disputes should be completed by the end of January 2020. The parties also anticipate that each party, as well as third parties, will need to be deposed, and that said depositions shall take place after an initial round of written discovery. The parties anticipate these depositions being taken between November through December 2019. See the below proposed schedule of dates for all proposed discovery deadlines.

9. <u>Class Actions:</u>  This matter is not a class action suit.

10. <u>Related Cases:</u> There are no related cases pending before this or any other court or administrative body.

11. <u>Relief:</u>  FSS seeks declaratory relief absolving it of any potential liability for the claims of copyright infringement and DMCA violations that Menzel has asserted. FSS also seeks to recover its costs and fees incurred in this action. Menzel seeks either actual damages in the form of FSS's disgorgeable profits and Menzel's lost profits due to FSS's copyright infringement, or statutory damages of up to $150,000.00 per allegedly infringed work. Menzel also seeks statutory damages of up to $25,000.00 for every FSS violation of the DMCA concerning its exploitation of the allegedly infringed photographs. Menzel also seeks to recover his costs and fees incurred in this action.

12. <u>Settlement and ADR:</u> The parties have discussed potential resolution of this matter both before and after this action was filed. While some progress has been made, a considerable gap remains between the parties' respective settlement positions. The parties have agreed to proceed with an Early Neutral Evaluation under the Local Rules but have not yet been able to determine a mutually agreeable date on which that session might take place.

13. <u>Consent to Magistrate Judge for All Purposes:</u>  The parties do not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14. <u>Other References:</u> The parties do not believe the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. Narrowing of Issues: The parties have not yet agreed to mechanisms for the narrowing of issues but intend to discuss doing so as the case progresses, potentially with the assistance of the mediator in the event the entire case does not settle at that time.

16. Expedited Trial Procedure: The parties do not believe that this case is suitable for the Expedited Trial Procedure of General Order No. 64 Attachment A.

17.     Scheduling: The parties propose the following dates.

| Event | Joint Proposal |
| --- | --- |
| Early Neutral Evaluation Deadline | September 30, 2019 |
| Close of fact discovery | February 21, 2020 |
| Opening expert reports | February 28, 2020 |
| Rebuttal expert reports | March 20, 2020 |
| Close of expert discovery | April 10, 2020 |
| Summary judgment opening briefs | May 6, 2020 |
| Summary judgment oppositions | May 27, 2020 |
| Summary judgment replies | June 17, 2020 |
| Summary judgment hearing | July 8, 2020, or per Court Order |
| Pretrial Conference | September 9, 2020 |
| Trial | September 29, 2020 |

18.     Trial: The case will be tried to a jury.  The expected length is 3-4 days.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>: Each party has filed a "Certification of Interested Entities or Persons" as required by Civil Local Rule 3-15, and restates here the content of the certification.

20. <u>Professional Conduct</u>: All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Pursuant to Civil Local Rule 5-1(i)(3), the filer of this document attests that all signatories have concurred in its filing.

                                      Respectfully submitted,

Dated: June 4, 2019        By:    */s/ Alex J. Shepard*
                                                  Marc J. Randazza (CA SBN 269535)
                                                  Alex J. Shepard (CA SBN 295058)
                                                  RANDAZZA LEGAL GROUP, PLLC
                                                  2764 Lake Sahara Drive, Suite 109
                                                  Las Vegas, NV 89117
                                                  Telephone: 702-420-2001
                                                  Fax: 305-437-7662
                                                  ecf@randazza.com
                                                  Attorney for Plaintiff
                                                  Free Speech Systems LLC

Dated: June 4, 2019        By:    */s/ Justin M. Gomes*
                                                  Scott Alan Burroughs, Esq.
                                                  Justin M. Gomes, Esq.
                                                  DONIGER / BURROUGHS
                                                  603 Rose Avenue
                                                  Venice, CA 90291
                                                  (310) 590-1820
                                                  scott@donigerlawfirm.com
                                                  Attorneys for Defendant
                                                  Peter Menzel

Pursuant to Civil L.R. 5-1(i)(3), the filer attests that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

6