Robert E. Barnes, Esq., CSB#: 235919
Douglas Hanchar, Esq., CSB#: 262509
BARNES LAW
601 South Figueroa Street, Suite 4050
Los Angeles, California 90017
Telephone: (310) 510-6211
E-mail: robertbarnes@barneslawllp.com
E-mail: doughanchar@barneslawllp.com

Attorneys for Plaintiff and Cross-Defendant FREE SPEECH SYSTEMS, LLC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREE SPEECH SYSTEMS, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>PETER MENZEL<br><br>        Defendant.<br><br>PETER MENZEL,<br><br>        Counter-claimant,<br><br>v.<br><br>FREE SPEECH SYSTEMS, et al.<br><br>        Counter-defendants, | Case No.: 19-cv-00711-WHO<br><br>**PLAINTIFF FREE SPEECH SYSTEMS, LLC'S MOTION TO DISMISS DEFENDANT AND COUNTER-CLAIMANT PETER MENZEL'S SECOND AMENDED COUNTERCLAIMS FOR COPYRIGHT INFRINGEMENT & VIOLATIONS OF THE DIGITAL MILLENNIUM COPYRIGHT ACT (17 U.S.C. §1202), PURSUANT TO FRCP RULE 12(b)(6).**<br><br>**Date:** December 18, 2019<br>**Time:** 2:00 p.m.<br>**Location**: 450 Golden Gate Avenue, Courtroom 2<br>         San Francisco, CA 94102<br>         (Hon. William H. Orrick) |

**TO DEFENDANT PETER MENZEL, HIS ATTORNEYS OF RECORD AND TO THE COURT**:

**PLEASE TAKE NOTICE** that on December 18, 2019, at 2:00 p.m., at 450 Golden Gate Avenue, Courtroom 2, San Francisco, CA 94102, Plaintiff and Counter-Defendant Free Speech Systems, LLC will and hereby moves pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6), to

dismiss all of the claims in Defendant and Counter-Claimant Peter Menzel's *Second Amended Counterclaims For Copyright Infringement & Violations of the Digital Millennium Copyright Act (17 U.S.C. §1202)*, with prejudice.

DATED: November 13, 2019

Respectfully submitted,
BARNES LAW

/s/ Robert E. Barnes
Robert E. Barnes, Esq.
Attorneys for FREE SPEECH SYSTEMS, LLC

**TABLE OF CONTENTS**

I.   FACTS …………………………………………………………………………………...1

II.  LEGAL STANDARD …………………………………………………………………...1

III. ARGUMENT ……………………………………………………………………………2

    1.  Menzel's SACC Is Untimely Under The Federal Rules …………………………………….2

    2.  The Server Test Under The Perfect 10 Case Bars Menzel's Direct Infringement Claim …...2

    3.  The Handful Of Amendments In the SACC, Fail To Save Menzel's Contributory Infringement Claims From Dismissal ……………………………………………………….4

    4.  Menzel's De Minimus Amendments To Its DMCA Claim Fail To Rescue That Claim From Dismissal Either ………………………………………………………………………..5

    5.  FSS' Conduct Is Protected By The Fair Use Doctrine ……………………………………...6

IV.  CONCLUSION ………………………………………………………………………...7

CERTIFICATE OF SERVICE …………………………………………………………………...8

# TABLE OF AUTHORITIES

**CASES:**

*Bell Atl. Corp. v. Twombly,* 550 U.S. 544 ……………………………………………………………….1, 5

*Dr. Seuss Enters., L.P. v. Penguin Books USA, Inc.,* 109 F.3d 1394 (9th Cir. 1997) ……………...6

*In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049 (9th Cir. 2008) ……………………………………………2

*Kelly v. Arriba Soft Corp.,* 336 F.3d 811 …………………………………………………………………..6-7

*Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.,* 545 U.S. 913 (2005) …………………………..4

*Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d 1146 (9th Cir. 2007) ………………………………….2-4

*Playboy Entertainment Group, Inc. v. Happy Mutants, LLC,* 2018 U.S. Dist. LEXIS 69325 (C.D. Cal. Feb. 14, 2018) …………………………………………………………………………………………....3

*Stevens v. Corelogic, Inc.,* 899 F.3d 666 (9th Cir. 2018) ………………………………………………...6

*Swingless Golf Club Corp. v. Taylor,* 679 F.Supp.2d 1060 (N.D. Cal. 2009) ……………………..1

*Tarantino v. Gawker Media, LLC*, No. CV 14-603, 2014 U.S. Dist. LEXIS 77726 (C.D. Cal. Apr. 22, 2014) ……………………………………………………………………………………………..4-5

**STATUTES:**

17 U.S.C. §1202(b) ……………………………………………………………………………………….6

**RULES:**

Federal Rules of Civil Procedure:

   Rule 12(b)(6) …………………………………………………………………………………*passim*

   Rule 15(a) ………………………………………………………………………………………..2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. FACTS

On or about June 18, 2019, this Court entered an Order Granting In Part And Denying In Part Motion To Dismiss And Denying Motion To Strike, as Document 36 (the "Order"). The Order related to Plaintiff and Counter-Defendant Free Speech Systems, LLC's ("FSS'") Motion to Dismiss Defendant and Counter-Claimant Peter Menzel's ("Menzel's") *First Amended Counterclaims For Copyright Infringement & Violations of the Digital Millennium Copyright Act*, that was filed April 15, 2019, as Document 20 (the "FACC").[1]

On or about October 23, 2019, Menzel filed a pleading titled *Second Amended Counterclaims For Copyright Infringement & Violations of the Digital Millennium Copyright Act (17 U.S.C. §1202)*, as Document 40 (the "SACC"). The SACC added to the FACC, precisely two paragraphs (SACC ¶¶ 11 and 14) and three phrases (SACC, at ¶¶ 24 and 29). No stipulation to the filing of the SACC was filed, nor for that matter was FSS' counsel advised that it would be filed. Nor did Menzel seek leave of this Court to file the SACC. (See generally, absence of said filings in the docket in this action)

## II. LEGAL STANDARD

Federal Rules of Civil Procedure, Rule 12(b)(6)[2] provides that a party may move to dismiss a claim for: "failure to state a claim upon which relief can be granted". A Rule 12(b)(6) motion may be brought as to counterclaims. (*Swingless Golf Club Corp. v. Taylor,* 679 F.Supp.2d 1060, 1066 (N.D. Cal. 2009).) For purposes of evaluating a Rule 12(b)(6) motion, courts do not require "heightened fact pleading of specifics", however threadbare recitals of facts "'merely consistent with a defendant's liability" fall short of the requisite pleading standard (*Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 557

---

[1] The background facts relating to Menzel's claims, FSS' alleged conduct, and the pre-suit exchange of correspondence between Menzel's and FSS' counsel, are adequately summarized in this Court's Order (at pp. 1-3). For the sake of efficiency, those background facts will not be repeated here.
[2] All references to "Rule" hereinafter are to the Federal Rules of Civil Procedure.

("*Twombly*").) Moreover, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." (*In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).)

### III. ARGUMENT

As a preliminary matter, Menzel's SACC is untimely and should be dismissed for that reason alone. Additionally, Menzel's direct copyright infringement claim does not meet the requisite server test under *Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d 1146 (9th Cir. 2007) ("*Perfect 10*"), nor is this case distinguishable from that case or established Ninth Circuit precedent regarding the server test standard. Further, Menzel's SACC adds a handful of paragraphs and phrases to the FACC, which fail to cure the deficiencies this Court previously ruled existed as to that prior pleading, regarding Menzel's contributory infringement and DMCA claims. Finally, the fair use doctrine protects the conduct alleged by Menzel's SACC, and this Motion should be granted for that reason as well. As such, this Motion should be granted and Menzel's SACC dismissed accordingly.

    **1.**    **Menzel's SACC Is Untimely Under The Federal Rules**

Rule 15(a)(1) provides that a pleading may be amended once as a matter of course within 21 days. Rule 15(a)(2) provides that a party may amend its pleading with the opposing party's written consent or the court's leave. On June 18, 2019, this court granted in part, and denied in part, FSS' Motion to Dismiss Menzel's FACC. (See the Order.) Over four months later, Menzel filed his SACC without FSS' consent and without moving for leave of court to do so. Consequently, Menzel's SACC violated Rule 15(a), and should be dismissed for failing to comply with the federal rules.

    **2.**    **The Server Test Under The *Perfect 10* Case Bars Menzel's Direct Infringement Claim**

Courts have long held that copyright liability rests with the entity that hosts the infringing content – not someone who simply links to it. In the *Perfect 10* case, the plaintiff had alleged that Google's image pages caused viewers to believe they were seeing the images on Google's Web site, thereby rendering

Google liable for copyright infringement. (*Perfect 10, supra,* 508 F.3d at 1146.) In rejecting Perfect 10's liability theory, the Ninth Circuit stated: "While in-line linking and framing may cause some computer users to believe they are viewing a single Google Web page, the Copyright Act, unlike the Trademark Act, does not protect a copyright holder against acts that cause consumer confusion." (*Id.*, at 1161.) The *Perfect 10* court went on to hold that Google's linkage to images does not violate the provisions of the copyright law prohibiting unauthorized reproduction and distribution of copies of a work as a matter of law:

> "Because Google's computers do not store the photographic images, Google does not have a copy of the images for purposes of the Copyright Act. In other words, Google does not have any 'material objects … in which a work is fixed … and from which the work can be perceived, reproduced, or otherwise communicated' and thus cannot communicate a copy. [citing 17 U.S.C. §101]" (*Perfect 10, supra,* 508 F.3d at 1160-1161.)

Nor did the *Perfect 10* court hold that the server test was limited to search engines, and the Ninth Circuit has never imposed such a limitation, expressly or impliedly. In fact, jurisprudence within the jurisdiction of the Ninth Circuit has taken an expansive interpretation of the *Perfect 10* court's limitation on copyright liability, to defendants who store and serve infringing images for display. (See e.g. *Playboy Entertainment Group, Inc. v. Happy Mutants, LLC,* 2018 U.S. Dist. LEXIS 69325, *1-3 (C.D. Cal. Feb. 14, 2018).) To hold otherwise would mean anybody posting a link to a potentially infringing website, would be liable for copyright infringement (such as a casual Facebook user copying a link to a website that stores infringing material on their servers.)

Finally, under the *Perfect 10* case, the party alleging infringement, fails to state a valid claim where it fails to affirmatively allege that the defendant stored any of the subject images on the defendant's servers (i.e. have any "material objects … in which a work is fixed … and from which the work can be perceived, reproduced, or otherwise communicated." (17 U.S.C. §101; see *Perfect 10, supra,* 508 F.3d at 1161).)

///

Menzel's SACC alleges precisely the opposite of what is required under the *Perfect 10* case, that the defendant stored the subject images on the defendant's servers. Rather the SACC affirmatively alleges that FSS **stored none** of the images whose exclusive rights were allegedly infringed:

> "Before the infringement alleged herein, the infringed Subject Photographs were featured in a slideshow photo-gallery on Time.com under license from Counterclaimant wherein proper credit is attributed to Counterclaimant …" (SACC, ¶11), "Counterclaimant is informed and believes and thereon alleges that the copied Subject Photographs and related factual information **were likely copied by FSS or its source f[rom] the images from the photo-gallery on Time.com referenced above** because that photo-gallery featured each of the Subject Photographs that were displayed via the Subject Post, included all of the underlying details about the families depicted in those photographs, and included an identical hyperlink to Amazon.com search results for the title of the Subject Book that FSS included in the Subject Post." (emphasis added) (SACC, ¶14.)

What the above passages from the SACC show, is that assuming all allegations therein to be true, FSS did not store any of the images or content Menzel claims were protected under his copyrights. Rather a separate entity not named in this lawsuit, Time.com, did.[3] Accordingly, this Court need only consider the allegations in Menzel's SACC[4], in order to determine that none of FSS' alleged acts of copyright infringement relate to images or content stored in FSS' servers – hence failing the server test required under the *Perfect 10* case.

### 3. The Handful Of Amendments In the SACC, Fail To Save Menzel's Contributory Infringement Claims From Dismissal

Contributory infringement is the intentional "inducing or encouraging [of] direct infringement." (*Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.,* 545 U.S. 913, 930 (2005).) In *Tarantino v. Gawker Media, LLC*, No. CV 14-603, 2014 U.S. Dist. LEXIS 77726, at *10-12 (C.D. Cal. Apr. 22, 2014)

---

[3] In another section of Menzel's SACC, FSS' allegedly infringing post is alleged to have: "direct[ed] additional online traffic to a prior publication of the infringing article and accused images on NaturalSociety.com's website." (SACC ¶24) Assumed true, this allegation further supports that the images whose exclusive rights Menzel claims were infringed, were not stored in any servers belonging to, nor accessible by, Infowars. Rather said images were stored in the servers belonging to the "NaturalSociety.com's website".

[4] This Court's prior Order stated that it could not take judicial notice that FSS' subject post contained code for images pointing only to naturalsociety.com, and that the subject images were never saved on InfoWars' servers. (Order 10:3-7.)

("*Tarantino*"), screenwriter Quentin Tarantino brought a copyright infringement claim against a news organization that posted hyperlinks to a leaked copy of his script. The *Tarantino* court found the claim insufficient to state a copyright infringement claim because Tarantino alleged only that the defendant's website had provided the means to accomplish an infringing activity by an insufficiently identified third party. (*Ibid.*)

Menzel's SACC suffers from the same deficiencies. Although difficult to ferret out, the only amendments in the SACC that could possibly be relevant to a contributor liability claim, suggest that the allegedly infringed photographs were featured in a photo-gallery on Time.com, and that FSS is responsible because: "…the copied Subject Photographs and related factual information were **likely copied** by FSS or its source for the images from the photo-gallery on Time.com referenced above …" (emphasis added) (SACC, ¶14.) These allegations are a far cry from sufficiently alleging contributor liability, because they fail to identify a third party that FSS induced or encouraged to infringe on Menzel's copyrights. Again, the SACC concedes that Time.com posted the Subject Photographs: "under license from Counterclaimant wherein proper credit is attributed to Counterclaimant …" (SACC, ¶11) Therefore FSS could not have contributed to the infringement of any of Menzel's copyrights, since Time.com was not a third party infringer.[5]

### 4. Menzel's *De Minimus* Amendments To Its DMCA Claim Fail To Rescue That Claim From Dismissal Either

As discussed above, threadbare recitals of facts "'merely consistent with a defendant's liability" falls well short of the requisite pleading standard under the Rules (*Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 557 ("*Twombly*"). To plead a valid claim under the Digital Millennium Copyright Act ("DMCA"),

---

[5] Menzel's SACC added the phrase: "on NaturalSociety.com's website", to the boilerplate contributory infringement allegations in its First Claim For Relief for Copyright Infringement. (SACC ¶24) It goes without saying that a charge of contributory infringement requires more to survive a Rule 12(b)(6) motion to dismiss, particularly in light of the *Tarantino* standard discussed above.

the claimant must sufficiently allege facts that, assumed true, prove that the defendant knew or had reasonable grounds to know that their conduct would: "induce, enable, facilitate or conceal an infringement of any right under this title." (17 U.S.C. §1202(b).) This requires the plaintiff to "make an affirmative showing, such as by demonstrating a past 'pattern of conduct' or 'modus operandi,' that the defendant was aware or had reasonable grounds to be aware of the probable future impact of its actions." (*Stevens v. Corelogic, Inc.,* 899 F.3d 666, 674 (9th Cir. 2018).)

Menzel's allegations regarding the requisite "induce, enable, facilitate or conceal" element, amount to entirely conclusory recitals that FSS engaged in such conduct, and nothing more:

> "Counterdefendants, and each of them, violated 17 U.S.C. §1202(b) by intentionally removing and/or altering the copyright management information … knowing that copyright management information had been removed or altered without authority of the copyright owner or the law, and knowing, or, … having reasonable grounds to know, that the conduct would induce, enable, facilitate, or conceal an infringement of any right under this title." (SACC ¶29.)

Said allegations fall well short of constituting an affirmative showing that FSS was aware or had reasonable grounds to be aware of the probable future impact of its actions, as required to plead a valid DMCA claim.

**5.    FSS' Conduct Is Protected By The Fair Use Doctrine**

A claim of copyright infringement is subject to certain statutory exceptions, including the fair use exception. This exception "permits courts to avoid rigid application of the copyright statute when, on occasion, it would stifle the very creativity which that law is designed to foster." (*Dr. Seuss Enters., L.P. v. Penguin Books USA, Inc.,* 109 F.3d 1394, 1399 (9th Cir. 1997).) In *Kelly v. Arriba Soft Corp.,* 336 F.3d 811 ("*Kelly*"), a photographer brought a direct infringement claim against the defendant Arriba, the operator of an internet search engine. The search engine provided thumbnail versions of the photographer's images in response to search queries. The Ninth Circuit held that Arriba's use of reproduction of Kelly's images to create thumbnails on its website, constituted fair use rendering Arriba free from copyright liability. (*Id.*, at 818-822.)

- 6 -
MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S SECOND AMENDED COUNTERCLAIMS

FSS' conduct alleged in the SACC, is indistinguishable from the conduct held protected by the fair use doctrine in *Kelly*. Namely, FSS' subject post contained a link to Amazon.com wherein viewers were directed to Menzel's book containing the subject photographs, thereby granting Menzel proprietorship of the subject photographs just like the Time.com photo-gallery that Menzel states was under license from Menzel (See SACC, ¶14) Accordingly, Menzel's conduct is protected by the fair use doctrine, and this Motion should be granted for that reason as well.

## IV.  CONCLUSION

For the reasons set forth above, this Motion should be granted under Rule 12(b)(6), and Menzel's SACC should be dismissed without leave to amend.

DATED: November 13, 2019            BARNES LAW

/s/ Robert E. Barnes
Robert E. Barnes
Attorneys for FREE SPEECH SYSTEMS, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2019, I electronically served the foregoing document upon the parties set forth below:

Stephen M. Doniger
stephen@donigerlawfirm.com
Justin M. Gomes
jgomes@donigerlawfirm.com
Doniger Burroughs
603 Rose Avenue
Venice, CA 90291

          Respectfully submitted,

          /s/ Robert E. Barnes
          Robert E. Barnes

Case 3:19-cv-00711-WHO   Document 42   Filed 11/13/19   Page 13 of 14

Robert E. Barnes, Esq., CSB#: 235919
Douglas Hanchar, Esq., CSB#: 262509
BARNES LAW
601 South Figueroa Street, Suite 4050
Los Angeles, California 90017
Telephone: (310) 510-6211
E-mail: robertbarnes@barneslawllp.com
E-mail: doughanchar@barneslawllp.com

Attorneys for Plaintiff and Cross-Defendant FREE SPEECH SYSTEMS, LLC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREE SPEECH SYSTEMS, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>PETER MENZEL<br><br>        Defendant.<br><br>PETER MENZEL,<br><br>        Counter-claimant,<br><br>v.<br><br>FREE SPEECH SYSTEMS, et al.<br><br>        Counter-defendants, | **Case No.: 19-cv-00711-WHO**<br><br>**[PROPOSED] ORDER ON PLAINTIFF FREE SPEECH SYSTEMS, LLC'S MOTION TO DISMISS DEFENDANT AND COUNTER-CLAIMANT PETER MENZEL'S SECOND AMENDED COUNTERCLAIMS FOR COPYRIGHT INFRINGEMENT & VIOLATIONS OF THE DIGITAL MILLENNIUM COPYRIGHT ACT (17 U.S.C. §1202), PURSUANT TO FRCP RULE 12(b)(6).** |

///

///

[PROPOSED] ORDER ON PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S SECOND AMENDED COUNTERCLAIMS

The Motion of Plaintiff and Counter-Defendant Free Speech Systems, LLC, to Dismiss Defendant and Counter-Claimant Peter Menzel's Second Amended Counterclaims For Copyright Infringement & Violations Of The Digital Millennium Copyright Act (17 U.S.C. §1202), Pursuant To FRCP Rule 12(b)(6) (the "Motion to Dismiss"), came on for hearing. Having read and considered the moving and responsive papers, the memoranda filed by the parties, and having heard argument of counsel,

**IT IS ORDERED THAT:**

The Motion to Dismiss is granted, and Defendant and Counter-Claimant Peter Menzel's Second Amended Counterclaims For Copyright Infringement & Violations Of The Digital Millennium Copyright Act (17 U.S.C. §1202) is ordered dismissed without leave to amend.

The Court makes the following additional orders:

_____
_____
_____.

It is so **ORDERED**.

SIGNED this _____ day of _____, _____.

_____
Judge of the U.S. District Court

[PROPOSED] ORDER ON PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S SECOND AMENDED COUNTERCLAIMS